FILED IN CHAMBERS
U.S.D.C. Rome

JAN 22 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RUTH V. BATTEN,

      Plaintiff,

    v.

G.C. SERVICES, LP, RICH
MARGAY, CITIBANK (SOUTH
DAKOTA), N.A.,d/b/a Citicard,
and SEARS ROEBUCK AND CO.,

      Defendants.

CIVIL ACTION

NO. 1:06-CV-2951-RLV

O R D E R

In this action, removed from the Superior Court of Gwinnett County, Georgia, the plaintiff alleges that the defendants violated various laws in attempting to collect a debt. The plaintiff filed her original complaint on October 27, 2006. After removing the action, G.C. Services, LP, filed a motion for more definite statement pursuant to Rule 12(e), Federal Rules of Civil Procedure [Doc. No. 2]. Apparently in response to this motion, the plaintiff filed an amended complaint, on December 8, 2006.[1] Pending before the court is G.C. Services's second motion for more definite statement [Doc. No. 4].

In her amended complaint, the plaintiff asserts causes of action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1601, *et seq.*, negligence, intentional infliction of emotional distress, and fraud. Since the plaintiff is proceeding

---

[1] Because the plaintiff filed an amended complaint, G.C. Services's motion relating to the first complaint [Doc. No. 2] is DISMISSED as moot.

pro se, she is accorded some leeway in the presentation of her case. Nevertheless, she must still adhere to the Federal Rules of Civil Procedure and must obey basic precepts of pleading. Her amended complaint is in the form of a shotgun pleading, which has been repeatedly condemned by the Eleventh Circuit. *See, e.g.,* Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293 (11th Cir. 2002).

In her amended complaint, the plaintiff incorporates all preceding counts in each succeeding count. Also, even though on most occasions the plaintiff ties specific conduct to a specific defendant, there are other times when she alleges simply that "Defendants" performed an action when it is obvious that only one of the defendants could have performed that action. For example, in paragraph 16 the plaintiff alleges, "Defendants called Plaintiff only to reach Plaintiff's daughter." The court doubts that all defendants conducted that particular phone call.

Additionally, paragraph 38 alleges, "At the time Plaintiff received said card, Defendants represented to Plaintiff that said card carried a fixed-rate guaranteed not to change." However, paragraph 39 then states, "Based upon these representations by Sears and Citibank, Plaintiff normally carried a high balance on the credit card." Thus, paragraph 39 implies that only two defendants, not all defendants as alleged in paragraph 38, made the misrepresentations.

2

G.C. Services's motion for more definite statement [Doc. No. 4] is GRANTED, and the plaintiff is directed to file and serve an amended and recast complaint within 30 days from the date of the docketing of this order.  In that amended and recast complaint, the plaintiff should specify which improper act was committed by which specific defendant.   Failure to file the amended and recast complaint will result in dismissal of the action.

SO ORDERED, this 22nd day of January, 2007.

ROBERT L. VINING, JR.
Senior United States District Judge

3